# FEDERAL LABOR RELATIONS AUTHORITY *v.* ABERDEEN PROVING GROUND, DEPARTMENT OF THE ARMY

No. 86–1715.   Argued February 23, 1988—Decided April 4, 1988

*Ruth E. Peters* argued the cause for petitioner.   With her on the briefs were *William E. Persina* and *Arthur A. Horowitz.*

*Lawrence S. Robbins* argued the cause for respondent. With him on the brief were *Solicitor General Fried, Assistant Attorney General Willard, Deputy Solicitor General Cohen,* and *William Kanter.*

PER CURIAM.

The Federal Service Labor-Management Relations Statute, Title VII of the Civil Service Reform Act of 1978, 5 U. S. C. § 7101 *et seq.,* protects the right of federal employees "to form, join, or assist any labor organization, or to refrain from any such activity," § 7102, and requires that federal agencies and labor organizations bargain in good faith concerning the terms and conditions of employment, §§ 7102, 7114, 7116(a)(5), and (b)(5). Recognizing "the special requirements and needs of the Government," § 7101(b), Title VII exempts certain matters from the duty to negotiate. One such exemption provides that an agency's duty to bargain extends "to matters which are the subject of any agency rule or regulation . . . only if the [Federal Labor Relations Authority (Authority)] has determined under subsection (b) of this section that no compelling need . . . exists for the rule or regulation." § 7117(a)(2). Subsection (b) specifies detailed procedures for determining whether there is a "compelling need" for the agency regulation. We granted certiorari to resolve a conflict between Circuits as to whether § 7117(b) provides the exclusive procedure for determining whether there is a compelling need for an agency regulation or whether the Authority alternatively may make a compelling need determination in connection with an unfair labor practice (ULP) proceeding. 484 U. S. 813 (1987).*

---

*Compare *Defense Logistics Agency* v. *FLRA,* 244 U. S. App. D. C. 22, 754 F. 2d 1003 (1985) (permissible for Authority to resolve compelling need in either § 7117(b) negotiability appeal or ULP forum in unilateral change cases), with *U. S. Army Engineer Center* v. *FLRA,* 762 F. 2d 409 (CA4 1985) (§ 7117(b) negotiability appeal exclusive procedure to resolve compelling need).

In September 1981, the respondent, Aberdeen Proving Ground, notified its employees' union representatives that Aberdeen intended to curtail operations for the three days after Thanksgiving, November 27–29, 1981, and that, as a result, Aberdeen employees would be placed on forced annual leave for Friday, November 27. Thereafter, Aberdeen met with union representatives to discuss leave procedures. Union representatives requested that the employees instead be granted administrative leave; management replied that administrative leave was not permitted by the relevant rules and regulations and that the issue "verges on nonnegotiability." 21 F. L. R. A. 826, 829 (1982).

The union then filed an ULP charge with the Authority, and the Authority's General Counsel issued a complaint alleging that Aberdeen's refusal to negotiate concerning the union's administrative leave proposal was a failure to negotiate in good faith. The Administrative Law Judge held in Aberdeen's favor, concluding that the union's proposal was inconsistent with agency regulations and thus not subject to negotiations because the Authority had not previously determined under § 7117(b) that there was no compelling need for the regulations. *Id.*, at 834. The Authority reversed, holding that an ULP charge is properly filed where the Government employer undertakes a unilateral change in conditions of employment, even though the union's proposal may conflict with an agency regulation and there has been no compelling need determination. In the Authority's view, in such cases the compelling need determination may be properly unified with the ULP proceeding. 21 F. L. R. A. 814, 816–820 (1986). Finding that the regulation was not justified by a compelling need, the Authority held that Aberdeen had violated its duty to negotiate in good faith. See §§ 7116(a)(1) and (a)(5).

The Court of Appeals summarily reversed on the authority of its prior decision in *U. S. Army Engineer Center* v. *FLRA*, 762 F. 2d 409 (CA4 1985). In *U. S. Army Engineer Center* the Court of Appeals wrote that "an examination

of the history, policies, and, above all, the language of the Federal Labor-Management Relations Act persuades us that Congress meant the § 7117(b) negotiability appeal to be the sole means of determining a compelling need question under the statute." 762 F. 2d, at 417. We agree with both the analysis and conclusion of the Court of Appeals.

The plain language of Title VII unambiguously provides that where a matter is covered by regulation, no duty to bargain arises until the Authority has first determined that no compelling need justifies adherence to the regulation. Section 7117(a)(2) states unequivocally that "[t]he duty to bargain in good faith shall . . . extend to matters which are the subject of any agency rule or regulation . . . *only if* the Authority *has determined under subsection (b) of this section* that no compelling need . . . exists for the rule or regulation." (Emphasis supplied.) As the Court of Appeals noted, the language of the statute is that of a condition precedent. 762 F. 2d, at 413. The phrase "only if" denotes exclusivity; it does not suggest one of multiple options. Moreover, the words "has determined under subsection (b) of this section" clearly refer to an event that has come to pass. Thus, the duty to bargain does not arise until the § 7117(b) determination has occurred. Section 7117(b) further confirms this reading of the statute. Here, the statute again speaks in exclusive and mandatory terms: "In *any case* of collective bargaining in which an exclusive representative alleges that no compelling need exists for any rule or regulation . . . which is then in effect and which governs any matter at issue in such collective bargaining, the Authority *shall determine under paragraph (2) of this subsection* . . . whether such a compelling need exists." (Emphasis supplied.)

This plain reading of Title VII is fully consistent with—if not compelled by—the legislative history and asserted purpose of the statute. Title VII strives to achieve a balance between the rights of federal employees to bargain collectively and "the paramount public interest in the effective con-

duct of the public's business." Message from the President Transmitting A Draft of Proposed Legislation to Reform the Civil Service Laws 4 (1978), Legislative History of the Federal Service Labor-Management Relations Statute, Title VII of the Civil Service Reform Act of 1978 (Committee Print compiled for the House Committee on Post Office and Civil Service) Print No. 96–7, p. 626 (1979) (Leg. Hist.); see also 124 Cong. Rec. 25600–25601, 25613–25614 (1978) (remarks of Rep. Clay), Leg. Hist. 842–845.

Section 7117(b) is carefully constructed to strike such a balance. Under § 7117(b) employees are provided with a means to clarify the scope of the agency's duty to bargain; if the agency then refuses to bargain, the union may seek relief through an ULP proceeding. At the same time, § 7117(b) provides special procedures designed to promote effective government. For instance, under a § 7117(b) negotiability appeal, but not in the ULP forum, the agency that issued the relevant regulation is a necessary party, § 7117(b)(4); the Authority's General Counsel is not a party, § 7117(b)(3); and the negotiability appeal is presented directly to the Authority, rather than first to an administrative law judge, 5 CFR pt. 2424 (1987). Moreover, a § 7117(b) hearing is an expedited proceeding, § 7117(b)(3), thus resolving doubt as to whether a regulation is controlling as promptly as practicable. Most importantly, requiring that compelling need be resolved exclusively through a § 7117(b) appeal allows agencies to act in accordance with their regulations without an overriding apprehension that their adherence to the regulations might result in sanctions under an ULP proceeding. See § 7118(a)(7). To allow compelling need to be adjudicated in the context of an ULP proceeding, without any prior § 7117(b) negotiability appeal, would frustrate this careful balance and would disregard Congress' direction that Title VII "be interpreted in a manner consistent with the requirement of an effective and efficient Government." § 7101(b).

Although "reviewing courts should uphold reasonable and defensible constructions of an agency's enabling Act, . . . they must not 'rubber-stamp . . . administrative decisions that they deem inconsistent with a statutory mandate or that frustrate the congressional policy underlying a statute.'" *Bureau of Alcohol, Tobacco and Firearms* v. *FLRA*, 464 U. S. 89, 97 (1983), quoting *NLRB* v. *Brown*, 380 U. S. 278, 291–292 (1965). The Court of Appeals properly concluded that the Authority acted inconsistently with the language and purpose of Title VII in permitting resolution of the compelling need issue in the ULP forum.

The judgment of the Court of Appeals is accordingly

*Affirmed.*